UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK URE, | : | |
| | : | |
| Plaintiff, | : | NO. 3:03CV1491 (MRK) |
| | : | |
| v. | : | |
| | : | |
| FINELINE INDUSTRIES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION**

Plaintiff Mark Ure has sued a variety of defendants for injuries occurring while he was a camp counselor at Camp Sloane YMCA ("Camp Sloane"). Plaintiff has settled his claims against all defendants except for YMCA of the USA ("YUSA") and the National YMCA Fund ("YFUND"), which he claims had apparent authority over Camp Sloane. Because the Court finds that Connecticut has rejected the apparent-authority theory under which Plaintiff claims that Defendants are liable, the Court GRANTS Defendants' motion for summary judgment [doc. #83].

**I.**

The following facts are taken from Plaintiff's Amended Complaint [doc. #13] and Plaintiff's Local Rule 56(a)(2) [doc. #92]. Plaintiff was a camp counselor at Camp Sloane. On August 31, 2001, a fellow employee backed over Plaintiff in a motorboat while Plaintiff was instructing a camper in water skiing. Plaintiff sustained serious injuries. Plaintiff sued the boat manufacturer, the boat engine manufacturers, Camp Sloane, the company that recruited Plaintiff to Camp Sloane, YUSA, and YFUND. In his complaint, Plaintiff alleged that YUSA and YFUND were liable for his injuries because they had direct control over Camp Sloane, had induced Plaintiff to seek employment with Camp Sloane based on their representations that Camp Sloane was their agent, and had failed

to ensure that the camp followed appropriate safety procedures (Sixth Count). Plaintiff also alleged that Defendants owned the "Y" and "YMCA" trademarks and claimed that they had committed negligence and trademark violations in the manner in which they had allowed others to use the marks (Seventh Count).

Defendants YUSA and YFUND moved to dismiss both Counts. Motion to Dismiss [doc. #26]. The Court declined to dismiss Plaintiff's agency claims (Sixth Count), Ruling and Order [doc. #62] at 2-3, but dismissed Plaintiff's trademark claim (Seventh Count) for failure to state a claim upon which relief could be granted, *id.* at 3. On May 27, 2005, all parties except YUSA and YFUND filed a Stipulation of Partial Dismissal with Prejudice [doc. #81], and the Court dismissed all claims except those against YUSA and YFUND, Order of Partial Dismissal [doc. #82]. YUSA and YFUND have moved for summary judgment, arguing that they had no agency relationship with Camp Sloane, whether actual or apparent. *See* Memorandum of Law in Support of Motion for Summary Judgment [doc. #85].

## II.

At an on-the-record telephonic argument on September 8, 2005, all parties agreed that YFUND is entitled to summary judgment. Moreover, Plaintiff agreed to abandon his claim that Camp Sloane was YUSA's agent in fact, as well as his claim that YUSA was directly negligent in a manner that caused his injuries. *See also* Memorandum of Law in Support of Opposition to Motion for Summary Judgment [doc. #91] (arguing that Defendants are liable to Plaintiff under apparent-agency principles but not arguing actual authority or direct negligence). Thus, the only issue remaining is Plaintiff's claim that YUSA had an apparent-agency relationship with Camp Sloane and that YUSA is consequently responsible for the tort committed by Camp Sloane's

employee.

"Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses." *Gordon v. Tobias*, 262 Conn. 844, 850 (2003). The Restatement (Second) of Agency favors extending liability for torts committed in an apparent-authority relationship, so that "[o]ne who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such." *Restatement (Second) of Agency* § 267 (1958). Inexplicably, neither party has cited to Connecticut law regarding the applicability of apparent authority to the tort context.

While some other states have adopted the Restatement's approach, that is not true of Connecticut. "In Connecticut . . . the doctrine of apparent authority has never been used in such a manner." *Mullen v. Horton*, 46 Conn. App. 759, 772 (1997) (declining to follow Restatement (Second) of Agency § 267). Thus in *Davies v. General Tours, Inc.*, 63 Conn. App. 17 (2001), the Connecticut Appellate Court held "As we noted in *Mullen*, [apparent authority] is not a viable ground on which to premise liability against a defendant sued for the torts of an alleged agent." *Id.* at 33. Because Connecticut courts have rejected the sole remaining theory on which Plaintiff seeks relief, YUSA is entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment [doc. #83] is GRANTED.  **The clerk is directed to enter judgment for Defendants YUSA and YFUND and to close the file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: October 12, 2005.**